NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 170008-U

NO. 4-17-0008

FILED
July 14, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| MICHAEL D. WILHELM, | ) | No. 15CF981 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Remand is required for an adequate *Krankel* inquiry, as the trial court, in the initial inquiry, failed to question defendant to clarify his vague claim of ineffective assistance based on trial counsel's failure to subpoena two witnesses, and trial counsel's nonspecific comments did not establish the claim lacked merit.

¶ 2    In September 2016, a jury found defendant, Michael D. Wilhelm, guilty of four counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)) and six counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i), (d) (West 2008)). The trial court sentenced defendant to life imprisonment on the predatory-sexual-assault convictions and six years' imprisonment on the aggravated-sexual-abuse convictions.

¶ 3    Defendant appeals, arguing (1) the State failed to prove him guilty of committing predatory criminal sexual assault against one of the victims, (2) the trial court erroneously allowed the State to introduce evidence of acts allegedly committed by defendant when he was a minor and almost 20 years before the charged offenses, (3) the court's decision denying

defendant's posttrial claim of ineffective assistance had no basis in the record, and (4) section

11-1.40(b)(1) of the Criminal Code of 2012 (720 ILCS 5/11-1.40(b)(1.2) (West 2012)) is facially

unconstitutional as it mandates a sentence of life without parole for a non-homicide offense. We

agree with defendant's third argument and find this case must be remanded for an adequate

inquiry into defendant's *pro se* claims of ineffective assistance of counsel pursuant to *People v.*

*Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984).

¶ 4                                          I. BACKGROUND

¶ 5            The State charged defendant with committing the above offenses against three of

his then-stepdaughters in the late summer and fall of 2009. According to the testimony at trial, at

the time of the offenses, defendant lived with the alleged victims and their mother. Defendant's

nephew, defendant's nephew's wife, and a man described as a babysitter lived in the home off

and on as well. The offenses were alleged to have occurred in the home.

¶ 6            After defendant was convicted and sentenced, he filed multiple postsentencing

motions. Defendant's counsel, Scott Rueter, filed a motion to reconsider sentence on defendant's

behalf. Defendant filed two motions *pro se*: a motion to withdraw guilty plea and vacate sentence

and a motion for the reduction of sentence. In both *pro se* motions, defendant asserted he was

denied the effective assistance of counsel.

¶ 7            In December 2016, the trial court held a hearing on defendant's motion to

reconsider sentence. At the beginning of the hearing, the court noted defendant raised the issue

of counsel's ineffectiveness. The following discussion between defendant, Rueter, and the court

occurred:

                     "THE COURT: *** I am going to give you the opportunity

              at this time to address the court and let me know why you think

Mr. Rueter was ineffective.

THE DEFENDANT: *** The only problem that I had was I had two witnesses that should have been subpoenaed to court that didn't get subpoenaed because they lived in the household at the time that all of this was said to have been done, and I was not living in the household at the time. Other than that, there [were] no other complaints about Mr. Rueter.

THE COURT: Mr. Rueter, would you like to address what [defendant] has said?

MR. RUETER: I don't remember offhand the two he is talking about. I know that some of the witnesses I talked to, I determined from a tactical standpoint that they wouldn't be beneficial. I remember talking in the car one day with our investigators with one [of] the young men that [defendant] gave me[.] I don't recall the name offhand, but what he had to say wasn't anywhere near what [defendant] was hoping he would have to add for us. I think he is talking about his two cousins perhaps[.] [I]s that right?

[DEFENDANT]: No, my nephew and my son.

MR. RUETER: I do recall there [were] some witnesses we had trouble tracking down. So other than that, I think we did the best we could with the information we had.

THE COURT: Well, [defendant], at this stage as far as the

ineffective assistance of counsel, I am going to find that Mr. Rueter was not ineffective. I certainly was at the trial. I did see Mr. Rueter's performance. I certainly think that he did a good job for you as I look at objective standard of reasonableness. I certainly think his performance was not prejudicial in any way to you. Of course, his trial strategies that are involved [*sic*]. So at this stage, I am going to find that Mr. Rueter was effective."

¶ 8        At the close of the hearing, the trial court ordered stricken the two *pro se* motions and denied the motion to reconsider sentence. This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10        Defendant's third argument on appeal begins with his assertion the case should be remanded on his posttrial allegation of ineffective assistance of trial counsel as the trial court had no basis for concluding counsel's failure to investigate and subpoena his nephew and son was a matter of sound strategy. Defendant argues the unanswered questions as to the handling of his case cannot be resolved without the appointment of independent counsel and a *Krankel* hearing as he has shown at least possible neglect of his case. The State contends the court's inquiry was adequate in that it found defendant's claim pertained to trial strategy.

¶ 11        A defendant's posttrial claim of ineffective assistance of counsel triggers the trial court's responsibility to follow the common-law procedure announced in *Krankel*. *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732. The only issue to be resolved in a *Krankel* inquiry is whether to appoint independent counsel to represent the defendant on his ineffective-assistance claim. *People v. McGath*, 2017 IL App (4th) 150608, ¶ 51, 83 N.E.3d 671. To determine whether a defendant is entitled to the appointment of counsel, the court must first ascertain the factual

basis of the defendant's ineffectiveness claim. *People v. Moore*, 207 Ill. 2d 68, 77-78, 797 N.E.2d 631, 637 (2003). Some interchange between the court and counsel regarding the circumstances surrounding the alleged ineffective representation is usually necessary to assess whether further action is warranted. *Id.* at 78. The court may (1) question defense counsel regarding the facts and circumstances of the claim, (2) discuss the issue with the defendant, or (3) consider the claim based on its own knowledge of the performance of counsel and the sufficiency of the allegations. *Id.* at 78-79. Further inquiry is unnecessary if the defendant's claim is conclusory, misleading, legally immaterial, or does not bring to the court's attention a colorable claim of ineffective assistance of counsel. *People v. Bobo*, 375 Ill. App. 3d 966, 985, 874 N.E.2d 297, 315 (2007). If, however, the allegations demonstrate possible neglect of the case, the trial court should appoint new counsel to represent defendant at the hearing on the ineffective-assistance-of-counsel claim. *People v. Roddis*, 2020 IL 124352, ¶¶ 35, 36. Our review of whether the trial court properly conducted a *Krankel* inquiry into a defendant's *pro se* claim of ineffective assistance of counsel is *de novo*. *People v. Jolly*, 2014 IL 117142, ¶ 28, 25 N.E.3d 1127.

¶ 12 On his *Krankel*-based argument, we initially ruled in defendant's favor on appeal. Relying on this court's earlier decision of *People v. Roddis*, 2018 IL App (4th) 170605, 119 N.E.3d 52, we found the trial court erred by considering the merits of defendant's claims of ineffective assistance of counsel during the preliminary *Krankel* inquiry. *People v. Wilhelm*, 2019 IL App (4th) 170008-U, ¶ 13. We remanded for a new *Krankel* inquiry. *Id.* ¶ 18. Subsequently, our supreme court reversed *Roddis*, ruling, during a *Krankel* inquiry, trial courts may consider the legal merits of a posttrial ineffectiveness-of-counsel claim. *Roddis*, 2020 IL 124352, ¶¶ 64, 70. Accordingly, the court vacated our earlier decision in this case and directed

we reconsider the ruling in light of its *Roddis* decision. *People v. Wilhelm*, No. 124995 (Ill. March 25, 2020) (supervisory order).

¶ 13    Returning to the legal arguments in this case, we agree with defendant's contention the trial court had no basis for finding defendant's ineffective-assistance claim lacked merit. In his *pro se* posttrial filings, defendant's lone contention of error regarding trial counsel's representation was that his counsel failed to subpoena his nephew and son. A reading of the allegation suggests the two may provide an alibi, and the testimony shows a nephew, perhaps the same nephew defendant referenced at the posttrial hearing, resided in the home at the time the offenses occurred. The trial court did not ask defendant the substance of the witness's testimony. Moreover, the court's question to trial counsel did not clarify trial counsel made reasonable attempts to talk to these witnesses or decided to exclude their testimony. The court could not know on the bare allegations whether possible neglect existed due to trial counsel's failure to call the witnesses.

¶ 14    We thus disagree with the State's conclusion the inquiry was adequate as the trial court found defendant's claim pertained to a matter of trial strategy. Before the trial court, defense counsel did not explain any strategy for not issuing a subpoena for defendant's nephew or son. Counsel did not state he spoke to either potential witness. As defendant emphasizes on appeal, the exercise of trial strategy that is unsound or objectively unreasonable does not foreclose an ineffective-assistance-of-counsel claim. See *People v. Makiel*, 358 Ill. App. 3d 102, 107, 830 N.E.2d 731, 738-39 (2005) ("An attorney who fails to conduct reasonable investigation, fails to interview witnesses, and fails to subpoena witnesses cannot be found to have made decisions based on valid trial strategy."). Given defendant's allegations and the absence of any contradictory facts provided by defense counsel or the record, there is no basis for concluding

counsel used sound strategy.

¶ 15        Despite showing the trial court had insufficient information on which to find defendant's posttrial ineffectiveness claim meritless, defendant has not shown he is entitled to appointment of counsel and a *Krankel* hearing. The court's failure to question defendant regarding his allegations and defense counsel after his vague response resulted not only in a record inadequate to consider defendant's claim on the merits but also a record inadequate on which to find "possible neglect of the case" (*Roddis*, 2020 IL 124352, ¶ 35). At best, defendant has demonstrated only an *allegation* of possible neglect of the case.

¶ 16        Defendant's requested relief is, therefore, premature. In other circumstances where a trial court's inquiry was deemed inadequate, Illinois courts have remanded for a *Krankel* inquiry, not the appointment of counsel and a *Krankel* hearing. See *People v. Vargas*, 409 Ill. App. 3d 790, 802-03, 949 N.E.2d 238, 249-50 (2011) (remanding for a *Krankel* inquiry when defendant's posttrial complaint contained limited detail but "sufficient information upon which further questioning could have resolved any lingering doubt"); *People v. Parsons*, 222 Ill. App. 3d 823, 830-31, 584 N.E.2d 442, 448 (1991) (remanding for a *Krankel* inquiry to ascertain whether counsel interviewed an informant witness identified by defendant posttrial and determined the testimony would not be helpful).

¶ 17        Instead, we remand for an adequate *Krankel* inquiry, at which the trial court should inquire into the factual basis of defendant's claim to decide whether defendant's *pro se* allegations show possible neglect of the case. If possible neglect is shown, "new counsel should be appointed." (Internal quotation marks omitted.) *Ayres*, 2017 IL 120071, ¶ 11. If not, defendant's claim may be denied. *Id.*

¶ 18        Because we conclude a new *Krankel* inquiry is required, we need not consider

defendant's other arguments on appeal. *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37, 100 N.E.3d 177 ("Depending on the result of the *** *Krankel* inquiry, defendant's other claims may become moot."). While we are "remanding for further proceedings on defendant's *pro se* claim of ineffective assistance of counsel," we retain jurisdiction over defendant's other claims. *People v. Wilson*, 2019 IL App (4th) 180214, ¶ 26, 137 N.E.3d 868. If "defendant is not satisfied with the outcome of the proceedings on remand, he may again appeal and raise any supplementary claims relating to the remand proceedings, and the State may have an opportunity to respond to those claims." *Id.*

¶ 19                                III. CONCLUSION

¶ 20          For the reasons stated, we remand for the trial court to conduct an inquiry into defendant's *pro se* posttrial claim of ineffective assistance of counsel.

¶ 21          Remanded with directions.