2019 IL App (4th) 180214

NO. 4-18-0214

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 6, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| TORRE L. WILSON, | ) | No. 14CF856 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court, with opinion.
Presiding Justice Holder White and Justice Turner concurred in the judgment and
opinion.

**OPINION**

¶ 1        In January 2015, a jury found defendant, Torre L. Wilson, guilty of aggravated

domestic battery (720 ILCS 5/12-3.3(a) (West 2012)) and resisting a peace officer (720 ILCS

5/31-1 (West 2012)). In March 2015, the trial court sentenced defendant, respectively, to 6 years'

imprisonment and 30 days' incarceration. In April 2015, defendant, through counsel, filed a

timely motion to reconsider his sentence. In May 2015, defendant filed a *pro se* posttrial motion

for a reduction of his sentence, alleging he was provided ineffective assistance by his trial

counsel. At a July 2015 hearing, the court (1) dismissed defendant's *pro se* motion for a

reduction of his sentence, concluding it was untimely, and (2) denied defendant's motion to

reconsider his sentence, concluding the sentence imposed was appropriate. The court did not conduct an inquiry into defendant's complaints about his counsel's performance.

¶ 2 Defendant appealed, arguing this court should (1) remand the matter because the trial court failed to conduct an inquiry into his *pro se* posttrial claim of ineffective assistance of counsel, (2) reverse his conviction because the State invaded the purview of the jury by improperly defining great bodily harm during its closing argument and telling the jury it could not determine what constitutes great bodily harm, (3) vacate fines improperly imposed by the circuit clerk, (4) reduce the circuit clerk fee to comport with its statutory limitations, (5) apply his $95 *per diem* credit to the properly assessed fines, and (6) refund or apply to other outstanding court costs any bond money used to pay for those assessments vacated or reduced by this court. In October 2017, we agreed with defendant's first argument and remanded the matter for the trial court to conduct an inquiry into defendant's *pro se* posttrial claim of ineffective assistance of counsel in accordance with *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), and its progeny. *People v. Wilson*, 2016 IL App (4th) 150628-U, ¶ 4. We declined to reach defendant's other claims, noting the result from the proceedings on remand could render those claims moot. *Id.* ¶ 29. We also noted defendant could raise any issues with the assessments imposed and the credit received on remand. *Id.*

¶ 3 In February 2017, the trial court held a hearing, purportedly pursuant to this court's remand. Following that hearing, the court ruled defendant failed to show he received ineffective assistance from his trial counsel.

¶ 4 Defendant appeals, arguing this court should (1) reverse his conviction because the State invaded the purview of the jury by improperly defining great bodily harm during its

closing argument and telling the jury it could not determine what constitutes great bodily harm; (2) remand the matter to a different trial judge for (a) an evidentiary hearing with new counsel on his claim of ineffective assistance of counsel because he established a possible neglect of his case or (b) a new inquiry into his *pro se* posttrial claim of ineffective assistance of counsel and the factual bases for all of his complaints about his counsel's performance; and (3) apply his $95 *per diem* credit to the properly assessed fines.

¶ 5 We reverse the trial court's judgment following our prior remand and remand the matter with directions for the trial court to appoint defendant new counsel, if it has not already done so, and then allow appointed counsel the opportunity to investigate defendant's claim of ineffective assistance of counsel and take whatever action appointed counsel deems appropriate. We again decline to reach defendant's other claims but note defendant can raise his claim concerning the application of his *per diem* credit with the court on remand. We retain jurisdiction.

¶ 6                                    I. BACKGROUND

¶ 7 The background concerning the charges, the jury trial, the sentencing hearing, the posttrial motions, and the hearing on the posttrial motions is set forth in our previous order. See *id.* ¶¶ 6-23. The following proceedings occurred after the matter was remanded for the trial court to conduct an inquiry into defendant's *pro se* posttrial claim of ineffective assistance of counsel. See *id.* ¶ 4.

¶ 8 In December 2017, the trial court held a status hearing. An attorney from the public defender's office—not defendant's trial counsel—appeared on defendant's behalf. Defendant's appellate counsel avers she spoke with the attorney that appeared on defendant's

- 3 -

behalf and learned he appeared with defendant because defendant's trial counsel had retired from the public defender's office. The same attorney also appears with defendant at a later "pre-inquiry hearing." The record on appeal does not contain an express appointment for the attorney to represent defendant in the proceedings on remand. For the purposes of this decision, we will refer to this attorney as "defendant's counsel."

¶ 9           During the status hearing, the trial court asked defendant's counsel if he wanted the matter to be set for a "pre-*Krankel* hearing" and if he would need defendant's trial counsel to testify. Defendant's counsel responded:

> "I think I would need [defendant's trial counsel]. I would ask to set
>
> it out a couple of months. We'll get things ready, and I will call or
>
> send a letter out to [defendant] letting him know what's going on
>
> and what we're going to do and bring him back for it."

Based on counsel's comments, the court set the matter for a "pre-*Krankel* inquiry hearing." The court also indicated it would leave it to defendant's counsel to writ defendant's trial counsel for the hearing. Defendant's counsel agreed, commenting the State could not "take a position in this anyway." The court agreed with this comment.

¶ 10          In March 2018, the trial court held a "pre-inquiry hearing regarding defendant's allegations of ineffective assistance of counsel set forth in *** defendant's *pro se* motion for reduction of sentence." Defendant, defendant's counsel, defendant's trial counsel, and the State appeared. The State did not, however, participate in the hearing.

¶ 11          When discussing the process of the hearing, the trial court indicated it would state each complaint in defendant's *pro se* motion, allow defendant the opportunity to elaborate on the

complaint, and then allow defendant's trial counsel the opportunity to respond to the complaint. The court further indicated it would allow defendant's counsel "to add anything you wanted to add" because "you're counsel for [defendant]."

¶ 12        The trial court stated each complaint in defendant's *pro se* motion, allowed defendant the opportunity to elaborate on the complaint, and then allowed defendant's trial counsel the opportunity to respond. After this process, the court gave defendant the opportunity to add any additional comments about his counsel's performance. Defendant raised several additional complaints. The court and defendant's trial counsel addressed some but not all of those complaints. The court then allowed defendant's counsel the opportunity to add any additional comments on behalf of defendant. Defendant's counsel made a brief argument, requesting the court to give defendant a new trial based on a combination of all of defendant's complaints. In so arguing, defendant's counsel noted, with respect to the defendant's complaint about his trial counsel not using certain evidence for impeachment purposes, that he was unsure whether trial counsel had in fact used the evidence for impeachment purposes. However, defendant's counsel said he could find out if he had the opportunity to look at the trial transcripts.

¶ 13        Following the argument by defendant's counsel, the trial court issued an oral pronouncement of its decision. The court stated it considered the statements of defendant and his trial counsel as well as the argument of defendant's counsel. The court found "the allegations do not amount to ineffective assistance of counsel." The court also noted it believed it corrected any issues with the assessments imposed and credit received.

¶ 14        This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16          On appeal, defendant argues this court should (1) reverse his conviction because the State invaded the purview of the jury by improperly defining great bodily harm during its closing argument and telling the jury it could not determine what constitutes great bodily harm; (2) remand the matter to a different trial judge for (a) an evidentiary hearing with new counsel on his claim of ineffective assistance of counsel because he established a possible neglect of his case or (b) a new inquiry into his *pro se* posttrial claim of ineffective assistance of counsel and the factual bases for all of his complaints about his counsel's performance; and (3) apply his $95 *per diem* credit to the properly assessed fines.

¶ 17          In response, the State argues "it does not appear" this court has jurisdiction to address defendant's first and third arguments because the prior order did not explicitly retain jurisdiction or vacate the trial court's denial of defendant's posttrial motion to reconsider his sentence. Even if jurisdiction does exist, the State maintains the arguments are forfeited and not reviewable under the plain-error doctrine. As to defendant's second argument, the State agrees the matter should be remanded to the trial court but asserts (1) it should be remanded to the same trial judge with directions to appoint new counsel, if new counsel had not in fact already been appointed, and (2) the trial court should allow appointed counsel the opportunity to investigate defendant's claim of ineffective assistance and take whatever action counsel deems appropriate thereafter.

¶ 18          Under *Krankel* and its progeny, when a defendant raises a *pro se* posttrial claim of ineffective assistance of counsel, the trial court must conduct an inquiry into the factual basis of

the defendant's claim to determine whether new counsel should be appointed to assist the defendant. See *Krankel*, 102 Ill. 2d at 189; *People v. Johnson*, 159 Ill. 2d 97, 125, 636 N.E.2d 485, 498 (1994); *People v. Moore*, 207 Ill. 2d 68, 77-78, 797 N.E.2d 631, 637 (2003). This inquiry occurs during a "*Krankel* hearing." *People v. Roddis*, 2018 IL App (4th) 170605, ¶ 47. "The *only* issue to be decided at a *Krankel* hearing is whether new counsel should be appointed." (Emphasis in original.) *Id.*

¶ 19 When conducting an inquiry into the factual basis of a defendant's *pro se* claim of ineffective assistance of counsel, "some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary in assessing what further action, if any, is warranted on a defendant's claim." *Moore*, 207 Ill. 2d at 78. The trial court may (1) ask trial counsel to "answer questions and explain the facts and circumstances" relating to the claim, (2) briefly discuss the claim with the defendant, or (3) evaluate the claim based on "its knowledge of [trial] counsel's performance at trial" as well as "the insufficiency of the defendant's allegations on their face." *Id.* at 78-79. The court may *not* seek input from the State during its inquiry. *Roddis*, 2018 IL App (4th) 170605, ¶ 60.

¶ 20 Where a trial court's inquiry discloses "possible neglect of the case," it should appoint new counsel to independently investigate and represent the defendant at a separate hearing. *Moore*, 207 Ill. 2d at 78; see also *Roddis*, 2018 IL App (4th) 170605, ¶ 64 ("[T]he purpose of appointing counsel pursuant to *Krankel* is for new counsel to investigate the defendant's *pro se* claims of ineffective assistance of trial counsel—not to pursue other claims of error, like those commonly raised in posttrial motions."). If, on the other hand, the court

determines the claim "lacks merit or pertains only to matters of trial strategy," the court may deny the claim without appointing new counsel. *Moore*, 207 Ill. 2d at 78; see also *Roddis*, 2018 IL App (4th) 170605, ¶¶ 65-77 (discussing the primary ways a trial court may reach such a conclusion).

¶ 21　　　　In this case, we remanded the matter for the trial court to conduct "a preliminary *Krankel* inquiry." *Wilson*, 2016 IL App (4th) 150628-U, ¶ 29. That is, we remanded for the trial court to conduct "an inquiry into the factual basis of the defendant's claim to determine whether new counsel should be appointed to assist the defendant." *Id.* ¶ 27. On remand, the trial court conducted a "pre-inquiry hearing," purportedly pursuant to this court's order. The court proceeded as if it were conducting a *Krankel* hearing, stating each complaint in defendant's *pro se* motion, allowing defendant the opportunity to elaborate on each complaint, and allowing defendant's trial counsel the opportunity to respond to each complaint. See *Moore*, 207 Ill. 2d at 78-79. After conducting its inquiry, the court, rather than determining whether new counsel should be appointed, ruled on the merits of defendant's *pro se* claim of ineffective assistance. Such a ruling during a *Krankel* hearing is, by itself, reversible error. *Roddis*, 2018 IL App (4th) 170605, ¶ 81 ("[A] trial court commits reversible error when it conducts a *Krankel* hearing and concludes—on the merits—that there was no ineffective assistance ***."). Additionally, the court failed to inquire into the factual basis of all of defendant's complaints about his trial counsel's performance. *Moore*, 207 Ill. 2d at 79. We accept the State's concession and reverse the trial court's judgment following our remand.

¶ 22　　　　In reaching this decision, we recognize defendant received some degree of representation by new counsel at the hearing on remand but find that representation does not

- 8 -

change the result. Again, it is unclear whether the trial court in fact appointed new counsel to represent defendant. If the court had appointed new counsel, "no reason existed for the court to conduct any further hearings pursuant to *Krankel*; instead, the case should have proceeded based upon whatever action defendant's new counsel might choose to take regarding defendant's ineffective assistance claims." *Roddis*, 2018 IL App (4th) 170605, ¶ 85. We cannot construe the hearing on remand as an evidentiary hearing—the State was not given an opportunity to comment or argue its position. *Id.* ¶ 90 ("The State, just like a defendant, always suffers the risk of prejudice when a court adjudicates the merits of an issue without permitting the State to argue its position."). Moreover, counsel's performance—his limited participation and cursory argument without any review of the trial transcripts—cannot be considered adequate representation at an evidentiary hearing.

¶ 23    Because this is the second time this court has addressed this issue, we remand with directions for the trial court to appoint defendant new counsel, if it has not already done so, and then allow appointed counsel the opportunity to investigate defendant's claim of ineffective assistance of counsel and take whatever action appointed counsel deems appropriate. We emphasize the need on remand for prompt action by the court, appointed counsel, and, if necessary, the State, given the sentence rendered and the time it has taken to pursue a direct appeal.

¶ 24    Defendant requests we order the matter be presented to a new trial judge on remand because the prior trial judge exhibited personal bias against him. Defendant's allegation of judicial bias is primarily based on the trial judge's rulings on remand. As our supreme court has stated, "[a]llegedly erroneous findings and rulings by the trial court are insufficient reasons

to believe that the court has a personal bias for or against a litigant." *Eychaner v. Gross*, 202 Ill. 2d 228, 280, 779 N.E.2d 1115, 1146 (2002). After reviewing the discussions involving defendant, defendant's counsel, defendant's trial counsel, and the trial judge, we find no evidence to suggest the trial judge exhibited a personal bias against defendant. We reject defendant's request to order the matter to be presented to a different trial judge on remand.

¶ 25        Because we are remanding the matter for further proceedings on defendant's *pro se* claim of ineffective assistance of trial counsel, we again decline to reach the merits of defendant's other claims. See *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37 (declining to address the defendant's other claims where it was necessary to remand for trial court to conduct a *Krankel* hearing). However, we will address the State's jurisdictional argument with respect to those claims as any order by this court would implicate a finding concerning the State's argument. Again, the State suggests this court lacks jurisdiction to address defendant's other claims because our prior order did not explicitly retain jurisdiction or vacate the trial court's denial of defendant's posttrial motion to reconsider his sentence. While our prior order did not *explicitly* indicate we were retaining jurisdiction, the substance of the order—that we were declining to address defendant's other claims on appeal because the result from a preliminary *Krankel* inquiry on remand could render those claims moot—makes abundantly clear we were retaining jurisdiction. See *Wilson*, 2016 IL App (4th) 150628-U, ¶ 29. The State's cited authority, *People v. Garrett*, 139 Ill. 2d 189, 564 N.E.2d 784 (1990), does not support its position that a court loses jurisdiction by failing to *explicitly* retain jurisdiction. Instead, *Garrett* holds this court is empowered under Illinois Supreme Court Rule 615(b) (eff. Jan. 1, 1967) to remand a cause for a hearing on a particular matter while retaining jurisdiction. *Garrett*, 139 Ill. 2d at 195.

¶ 26　　　　Nevertheless, to avoid any future confusion or uncertainty we now make clear we are remanding for further proceedings on defendant's *pro se* claim of ineffective assistance of counsel while retaining jurisdiction. In the event defendant is not satisfied with the outcome of the proceedings on remand, he may again appeal and raise any supplementary claims relating to the remand proceedings, and the State may have an opportunity to respond to those claims. Defendant and the State should also address what impact, if any, the proceedings on remand had on defendant's other pending claims. Once all claims have been briefed, we will announce our judgment on all pending claims.

¶ 27　　　　As a final matter, we note it appears the trial court resolved on remand most of defendant's claims concerning the assessments imposed and credit received. Defendant still suggests, however, the court failed to apply his $95 *per diem* credit to the properly assessed fines. While we are not addressing that claim, we again note defendant can raise the issue with the court on remand.

¶ 28　　　　　　　　　　　　III. CONCLUSION

¶ 29　　　　We reverse and remand with directions for the trial court to appoint defendant new counsel, if it has not already done so, and then allow appointed counsel the opportunity to investigate defendant's claim of ineffective assistance of counsel and take whatever action appointed counsel deems appropriate thereafter.

¶ 30　　　　Reversed and remanded with directions.