# Illinois Official Reports

## Appellate Court

---

### *People v. Rhodes*, 2019 IL App (4th) 160917

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JULIAN CHRISEAN RHODES, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-16-0917 |
| Filed<br>Rehearing denied | April 2, 2019<br>April 18, 2019 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 16-CF-561; the Hon. Rebecca S. Foley, Judge, presiding. |
| Judgment | Remanded with directions. |
| Counsel on Appeal | James E. Chadd, John M. McCarthy, and Edward J. Wittrig, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Don Knapp, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and Linda Susan McClain, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Presiding Justice Holder White and Justice Knecht concurred in the judgment and opinion.


**OPINION**

¶ 1        In September 2016, a jury found defendant, Julian Chrisean Rhodes, guilty of delivering a controlled substance within 1000 feet of a church. 720 ILCS 570/407(b)(2) (West 2016). The trial court sentenced defendant to eight years in prison and imposed various fines and fees.

¶ 2        Defendant appeals, arguing (1) the trial court failed to ensure the jury understood and accepted the Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) principles, (2) the prosecutor committed misconduct during closing argument, (3) the trial court erred by failing to conduct a hearing on his *pro se* claim of ineffective assistance of counsel, and (4) the trial court improperly imposed a drug spinal cord injury fee. We agree with defendant's third argument and conclude that this case must be remanded for a hearing on defendant's *pro se* claims of ineffective assistance of counsel pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984).

¶ 3                                    I. BACKGROUND

¶ 4        In September 2016, a jury found defendant guilty of delivering a controlled substance within 1000 feet of a church. 720 ILCS 570/407(b)(2) (West 2016). Defendant, through counsel, filed a motion for a new trial.

¶ 5        In October 2016, the trial court conducted a hearing on defendant's motion for a new trial followed by a sentencing hearing. After denying defendant's motion, the court sentenced defendant to eight years in prison and imposed various statutory fines and fees.

¶ 6        Immediately following the sentencing hearing, defendant's counsel informed the trial court that defendant had given him a handwritten motion. The following exchange occurred:

"THE COURT: Mr. Lewis, anything further for the record?

MR. LEWIS [(DEFENSE COUNSEL)]: Your Honor, the—we have filed—and the Court has heard our—the motion for new trial which I have drafted and litigated today. My client presents me with some handwritten items that he has titled motion for new trial. I know that is not allowed under the rules written. It would be stricken. To the extent that he may have put in there, he wanted—in there would be the term 'ineffective assistance of counsel.' I don't—I think that's a loose application of the term in there.

But to the extent the Court wanted to complete any type of *Krankel* hearing or something like that, I would mention that at this time to the defendant. I don't know if we're doing a motion to reconsider sentence where we can do it at that time as well. But I'm just bringing that to the Court's attention in case it's something that needs to be dealt with now or dealt with later. I would not be adopting whatever—he has not filed. And I would not be adopting any other handwritten motions for new trial. Thank you.

THE COURT: Okay. Well, [defendant], is there something you wish to file today or are you going to wait to determine if that's something—

THE DEFENDANT: I mean, if I can—

THE COURT: Well, if it's a motion for a new trial, we have already addressed the one filed by your attorney. He's indicated he would not be adopting that. And typically the Court strikes those. Are you alleging ineffective assistance of counsel? Are you going to raise that in a post-trial—in a motion to reconsider?

THE DEFENDANT: Reconsider, yes.

THE COURT: Okay. So you're not going to file that today?

THE DEFENDANT: I guess not if it's not going to be accepted.

THE COURT: Okay. All right. Anything further, Mr. Lewis?

MR. LEWIS: No, Your Honor."

The court concluded the hearing without further addressing defendant's claim.

¶ 7 In November 2016, defendant, through counsel, filed a motion to reconsider sentence. The motion did not contain any allegations regarding ineffective assistance, and defendant did not file any *pro se* motions. The trial court denied the motion to reconsider.

¶ 8 This appeal followed.

¶ 9                                                 II. ANALYSIS

¶ 10 Defendant appeals, arguing (1) the trial court failed to ensure the jury understood and accepted the Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) principles, (2) the prosecutor committed misconduct during closing argument, (3) the trial court erred by failing to conduct a hearing on his *pro se* claim of ineffective assistance of counsel, and (4) the trial court improperly imposed a drug spinal cord injury fee. We agree with defendant's third argument and conclude that this case must be remanded for a hearing on defendant's *pro se* claims of ineffective assistance of counsel pursuant to *Krankel*.

¶ 11                     A. The Standard of Review and Applicable Law

¶ 12 When a *pro se* defendant makes a posttrial claim of ineffective assistance of counsel, the trial court's responsibility to follow the common law procedure in *Krankel* is triggered. *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732. The sole question in a *Krankel* inquiry is whether to appoint independent counsel to represent the defendant on his *pro se* ineffective assistance claims. *People v. Roddis*, 2018 IL App (4th) 170605, ¶ 47. A defendant is not automatically entitled to counsel; instead, the trial court need not appoint counsel if the defendant's claims are without merit or pertain solely to matters of trial strategy. See *id.* ¶¶ 58, 63-77 (explaining the ways in which a defendant's claims may be meritless). In order to make this determination, some type of inquiry into the factual basis, if any, of the defendant's claim is required. *Id.* ¶ 58. A trial court may, and ordinarily should, ask the defendant about his claim and have some interchange with trial counsel regarding the facts and circumstances surrounding the claim. *Id.* ¶ 59. A trial court may also rely upon " 'its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations.' " *Id.* (quoting *Ayres*, 2017 IL 120071, ¶ 12).

¶ 13    "[A] *pro se* defendant is not required to do any more than bring his or her claim to the trial court's attention." (Internal quotation marks omitted.) *Ayres*, 2017 IL 120071, ¶ 11. Accordingly, a defendant may raise the claim orally or in writing, either by filing a formal posttrial motion with the court or by informally providing a letter. *Id.* The Illinois Supreme Court has clarified that a trial court is required to conduct a *Krankel* inquiry even if the defendant makes the bare allegation of "ineffective assistance of counsel." See *id.* ¶ 23.

¶ 14    The failure to conduct an adequate *Krankel* inquiry requires that the case be remanded. See *id.* ¶¶ 24-26. We review whether the trial court conducted an adequate inquiry *de novo*. *People v. Jolly*, 2014 IL 117142, ¶ 28, 25 N.E.3d 1127.

¶ 15                    B. A *Krankel* Inquiry Was Required in This Case

¶ 16    Defendant argues the trial court should have conducted a *Krankel* hearing after he and his counsel conveyed to the court that defendant was asserting an ineffective assistance of counsel claim. The State contends that defendant did not properly raise his ineffective assistance claim. Alternatively, the State claims the trial court gave defendant the option to file his handwritten motion and he declined. Defendant also did not file anything between sentencing and the hearing on his motion to reconsider sentence. Defendant responds that the trial court prevented him from filing the handwritten motion. We agree with defendant.

¶ 17    At sentencing, defense counsel explained that defendant had given him a handwritten motion for a new trial that "in there would be the term 'ineffective assistance of counsel.' " *Krankel* is not triggered when counsel raises his own ineffectiveness. *People v. Bates*, 2018 IL App (4th) 160255, ¶ 102, 112 N.E.3d 657, *appeal allowed*, No. 124143 (Ill. Jan. 31, 2019); *People v. McGath*, 2017 IL App (4th) 150608, ¶¶ 49-52, 83 N.E.3d 671. However, in this case, the record demonstrates counsel was not asserting the claim; instead, he was merely informing the court of *defendant's* allegation of ineffective assistance of counsel.

¶ 18    The trial court and defense counsel were generally correct that *pro se* motions should be stricken when a defendant is represented by counsel. *People v. Bell*, 2018 IL App (4th) 151016, ¶ 28, 100 N.E.3d 177. However, there is one major exception to that rule: *Krankel*. *Id.* "The only exception is where a defendant's *pro se* motion is directed against his or her counsel's performance." *Id.* Because defendant's handwritten motion to counsel was a clear assertion of ineffective assistance of counsel, the trial court erred when it told defendant that his motion would be stricken.

¶ 19    We disagree with the State that the trial court gave defendant the option of filing his motion. When asked if he wished to file the motion, defendant responded, "I mean, if I can," but the trial court erroneously told him that his motion would be stricken. The court then asked defendant if he would raise his ineffective assistance claim in a motion to reconsider, and defendant said yes. Defendant stated he would decline to file the motion only "if it's not going to be accepted." Defendant clearly wanted to file his motion for a new trial, but the court prevented him.

¶ 20    Although defendant *could* have raised his ineffective assistance of counsel claim again later, he was not required to do so. All a defendant need do is clearly raise the issue, including by invoking the specific phrase "ineffective assistance of counsel." *Ayres*, 2017 IL 120071, ¶¶ 11, 23. The record leaves no doubt that defendant raised the issue. The trial court should have requested to see the handwritten motion and conducted a *Krankel* inquiry on the spot. Or the court could have scheduled the *Krankel* inquiry for a later date. Because the court did

neither, we remand for a *Krankel* inquiry. (We encourage the trial court to review this court's recent decision in *People v. Roddis*, 2018 IL App (4th) 170605, for a detailed discussion of how to proceed on remand.)

¶ 21 Because we conclude a *Krankel* inquiry is necessary, we need not consider defendant's other arguments. *Bell*, 2018 IL App (4th) 151016, ¶ 37 ("Depending on the result of the *** *Krankel* inquiry, defendant's other claims may become moot."). We express no view on the merits of defendant's ineffective assistance claim or any of the arguments he has made on appeal.

¶ 22                                            III. CONCLUSION

¶ 23 For the reasons stated, we remand for the trial court to conduct an inquiry into defendant's *pro se* posttrial claim of ineffective assistance of counsel.

¶ 24 Remanded with directions.