NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180340-U

NO. 4-18-0340

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 3, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JONATHAN A. CHAMBERS, | ) | No. 16CF298 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Turner concurred in the judgment.

**ORDER**

¶ 1   *Held:*   Remand is required for a *Krankel* inquiry as the trial court failed to conduct the required inquiry after defendant alleged trial counsel's ineffectiveness in posttrial motions.

¶ 2   In August 2017, a jury found defendant, Jonathan A. Chambers, guilty of the September 13, 2016, offense of unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2016)). Defendant was sentenced to five years' imprisonment. He appeals, arguing (1) he was denied the effective assistance of counsel as his trial counsel failed to object to two interrogation videos containing irrelevant and prejudicial statements by police officers; (2) the trial court committed plain error by failing to admonish potential jurors under Illinois Supreme Court Rule 431(b) (eff. July 1, 2012); and (3) the court failed to conduct a *Krankel* injury after defendant alleged posttrial he was denied the effective assistance of counsel. The State concedes the last issue. We agree and find this case must be remanded for an inquiry into

defendant's *pro se* claims of ineffective assistance of counsel pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984).

¶ 3                                                    I. BACKGROUND

¶ 4        The State charged defendant with committing the offense of unlawful delivery of a controlled substance on September 13, 2016. The State alleged defendant knowingly delivered less than one gram of heroin to a confidential source. A jury trial was held, and defendant was found guilty.

¶ 5        On January 16, 2018, defendant filed a *pro se* motion requesting the trial court set aside the jury's verdict and order a new trial. In the caption for his motion, defendant listed the case number for his September 2016 offense, Livingston County case No. 16-CF-298, as well as the case number for his conviction for the December 2016 sale of heroin, Livingston County case No. 16-CF-299, which was tried separately. Among the allegations in this motion were allegations trial counsel was ineffective. Defendant alleged counsel (1) failed to call witnesses who would have provided "exculpatory evidence" at trial, (2) refused to allow defendant to listen to telephone calls containing exculpatory evidence before trial, (3) failed to develop a trial strategy, (4) failed to investigate "anything within any charges against defendant," and (5) failed to follow through with counsel's statements he would file a motion to suppress. In this motion, defendant cited *Krankel* and argued his claims should be considered.

¶ 6        That same day, defendant filed a second *pro se* posttrial motion asking the trial court to reconsider the motion to suppress the warrantless arrest. Like the other posttrial motion, defendant listed the applicable case numbers as Livingston County case No. 16-CF-298 and Livingston County case No. 16-CF-299. Under a heading entitled "Ineffective of Counsel," defendant asserted trial counsel was ineffective for failing to present pretrial motions.

¶ 7        By letter dated January 22, 2018, defendant also wrote the trial court, asking that his *pro se* motions be heard because trial counsel "isn't doing it." Defendant requested a court date on his motions.

¶ 8        The docket sheet indicates the trial court received defendant's "correspondence." The court struck defendant's *pro se* motions as defendant was represented by counsel.

¶ 9        A sentencing hearing was held on his conviction in this case as well as his conviction for unlawful delivery in Livingston County case No. 16-CF-299. The trial court sentenced defendant to concurrent terms of five years.

¶ 10       This appeal followed.

¶ 11                             II. ANALYSIS

¶ 12       Defendant's third argument on appeal is the trial court erred by not conducting a *Krankel* inquiry despite his repeated posttrial assertions he was denied the effective assistance of trial counsel.

¶ 13       When a defendant makes a posttrial claim of ineffective assistance of counsel, the trial court must follow the common-law procedure in *Krankel*. *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732. The goal of a *Krankel* proceeding is to have the trial court fully consider a "defendant's *pro se* claim and thereby potentially limit issues on appeal." *Id.* ¶ 13. To trigger the court's obligation to conduct a *Krankel* inquiry, all a defendant need do is make the bare allegation he received ineffective assistance of counsel. *Id.* ¶¶ 18, 21, 23 (finding the simple assertion "I received ineffective assistance of counsel" should not be ignored by the trial court). This may be accomplished orally or in a written motion. *Id.* ¶ 24. We review *de novo* whether the trial court properly conducted a *Krankel* inquiry. *People v. Jolly*, 2014 IL 117142, ¶ 28, 25 N.E.3d 1127.

¶ 14        The State concedes the trial court erred by not conducting a *Krankel* inquiry. The State notes a number of the ineffective-assistance-of-counsel claims appear to pertain solely to Livingston County case No. 16-CF-299 but agrees defendant's allegations of counsel not having a "trial tactic," not investigating anything, not filing a motion to suppress defendant's statement, and not filing pretrial motions were sufficient to trigger the *Krankel* inquiry in this case.

¶ 15        We accept the State's concession. Defendant's repeated assertions he was denied the effective assistance of counsel triggered the trial court's obligation to conduct a *Krankel* inquiry. While *pro se* motions should generally be stricken when a defendant is represented by counsel, an exception exists when the motion challenges counsel's performance. *People v. Rhodes*, 2019 IL App (4th) 160917, ¶ 18, 128 N.E.3d 1100.

¶ 16        Because we conclude a *Krankel* inquiry is required, we need not consider defendant's other arguments on appeal at this time. *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37, 100 N.E.3d 177 ("Depending on the result of the *** *Krankel* inquiry, defendant's other claims may become moot."). While we remand "for further proceedings on defendant's *pro se* claim of ineffective assistance of counsel," we retain jurisdiction over defendant's remaining claims. *People v. Wilson*, 2019 IL App (4th) 180214, ¶ 26, 137 N.E.3d 868. If "defendant is not satisfied with the outcome of the proceedings on remand, he may again appeal and raise any supplementary claims relating to the remand proceedings, and the State may have an opportunity to respond to those claims." *Id.*

¶ 17                        III. CONCLUSION

¶ 18        For the reasons stated, we remand with directions for the trial court to conduct an inquiry into defendant's *pro se* posttrial claim of ineffective assistance of counsel.

¶ 19        Remanded with directions.