NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200075-U

NOS. 4-20-0075, 4-20-0203 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 27, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JASON CORDRAY, | ) | Nos. 18CF242 |
| Defendant-Appellant. | ) | 19CC11 |
| | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court erred in failing to conduct a proper preliminary *Krankel* inquiry
         after defendant claimed trial counsel was ineffective.

¶ 2     In August 2018, the State charged defendant, Jason Cordray, with criminal

trespass to a residence. In August 2019, a jury found defendant guilty and the trial court set the

matter for sentencing.

¶ 3     That same month, defendant filed a *pro se* motion requesting a judgment

notwithstanding the verdict or, alternatively, a new trial. In the motion, defendant claimed trial

counsel was ineffective. The trial court denied the motion and set the case for sentencing. During

defendant's statement in allocution, defendant made a series of rambling, incoherent statements,

and his speech was "thick tongued," which led the court to believe he was under the influence of

something. The court ordered defendant to undergo drug testing and continued the sentencing hearing two weeks later.

¶ 4        Defendant's drug test came back positive for alcohol, methamphetamine, and cocaine. In November 2019, defendant was sentenced to three years in the Illinois Department of Corrections (DOC). Because defendant appeared at the previous hearing under the influence of drugs, the trial court sentenced him to 180 days for being in direct criminal contempt of court, to be served consecutive to his 3-year DOC sentence.

¶ 5                              I. BACKGROUND

¶ 6        In August 2018, the State charged defendant with one count of criminal trespass to a residence, a Class 4 felony (720 ILCS 5/19-4(a)(2), (b)(2) (West 2018)). Due to his prior criminal record, defendant was extended-term eligible (730 ILCS 5/5-8-2(a) (West 2018)).

¶ 7        In August 2019, after a one-day jury trial, defendant was found guilty, and the matter was set for sentencing in September. Before the sentencing hearing date, defendant filed a *pro se* "motion for judgment notwithstanding verdict and motion for a new trial." In his motion, defendant outlined 12 reasons why he believed he was entitled to relief. Although the motion was based primarily on the deficiencies of counsel, his allegations numbered 11 and 12 specifically complained of his counsel's inadequate representation during the trial. Number 11 stated defendant "was not competently represented by [trial counsel] as no attempt was made by him to prove that [defendant] had a right to be present at the subject premises despite evidence tendered to him." Number 12 similarly complained defendant "was not competently represented by [trial counsel] as no argument was presented to the jury that parole release to the subject address included a determination that defendant had a right to be in the premises."

¶ 8        The trial court reminded defendant he was still represented by counsel and could not file *pro se* motions. Upon hearing this, defendant indicated he wanted to proceed *pro se*, and the trial court admonished defendant about his right to waive counsel under Illinois Supreme Court Rule 401 (eff. July 1, 1984). After finding defendant's waiver of counsel was knowing and voluntary, the court released defense counsel from the proceedings.

¶ 9        Defendant then attempted to introduce exhibits he claimed entitled him to live at the residence and alleged this information was provided to his trial counsel, who never offered it as evidence during trial. The trial court denied its admission and refused to consider it because, the court said, new evidence could not be introduced during a hearing on a motion for a new trial or judgment notwithstanding the verdict. The trial court allowed the State to argue against defendant's motion before ultimately denying it. It found, in part, defendant received competent representation at trial, there was nothing to suggest trial counsel was ineffective, and even if these documents were provided to trial counsel, he is "entitled to the benefit of the doubt with regards to trial strategy decisions." At no point did the trial court further question defendant on the specifics of how defense counsel was ineffective, nor did it seek input or a response to defendant's allegations from defense counsel, who had only moments before left the courtroom. The sentencing remained set for late September.

¶ 10       At sentencing, defendant asked for the public defender to be reappointed. The trial court granted his request and reset the case for sentencing in October. During defendant's statement of allocution at the later sentencing hearing, defendant made several rambling and incoherent statements, prompting the trial court to inquire whether he was under the influence of something. Upon further questioning, the court decided to continue the sentencing hearing, revoke defendant's bond, and order defendant to be drug tested. At the next hearing, it was

revealed defendant tested positive for cocaine, methamphetamine, and alcohol. The court sentenced defendant to 3 years DOC for the underlying criminal conviction of criminal trespass to a residence and 180 days for direct contempt of court for appearing at the sentencing hearing intoxicated.

¶ 11     This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13     Defendant's brief sets forth several arguments, but we find it necessary to address only defendant's claim the trial court failed to conduct a proper *Krankel* hearing (see *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984)). Because we agree with defendant, we remand for further proceedings.

¶ 14     As our supreme court said in *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732, "[t]he common-law procedure, which has evolved from our decision in *Krankel*, is triggered when a defendant raises a *pro se* posttrial claim of ineffective assistance of trial counsel." Once raised, the trial court is required to conduct "some type of inquiry into the underlying factual basis, if any, of a defendant's *pro se* posttrial claim of ineffective assistance of counsel." *People v. Moore*, 207 Ill. 2d 68, 79, 797 N.E.2d 631, 638 (2003). "[A] *pro se* defendant is not required to do any more than bring his or her claim to the trial court's attention." *Moore*, 207 Ill. 2d at 79. The *Ayres* court found a defendant's "clear claim asserting ineffective assistance of counsel, either orally or in writing, *** is sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry." *Ayres*, 2017 IL 120071, ¶ 18; see also *People v. Thomas*, 2017 IL App (4th) 150815, ¶ 26, 93 N.E.3d 664 (noting "[c]ourts have found a defendant is entitled to a *Krankel* inquiry when the defendant makes an explicit or 'clear' complaint of trial counsel's performance or ineffective assistance of counsel"). The inquiry must be sufficient to determine the factual basis

of the claim. See *People v. Banks*, 237 Ill. 2d 154, 213, 934 N.E.2d 435, 468 (2010). "[T]he primary purpose of the preliminary inquiry is to give the defendant an opportunity to flesh out his claim of ineffective assistance so the court can determine whether appointment of new counsel is necessary." *Ayres*, 2017 IL 120071, ¶ 20.

¶ 15 On appeal, "[t]he operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the defendant's *pro se* allegations of ineffective assistance of counsel." *Moore*, 207 Ill. 2d at 78. In assessing the adequacy of the trial court's inquiry, we may consider such things as "(1) whether there was some interchange between the trial court and defense counsel regarding the facts and circumstances surrounding the [allegations of ineffective] representation, (2) the sufficiency of defendant's *pro se* allegations of ineffective assistance, and (3) the trial court's knowledge of defense counsel's performance at trial and the sufficiency of the defendant's allegations on their face." *People v. Schnoor*, 2019 IL App (4th) 170571, ¶ 71, 145 N.E.3d 544. This would, in all likelihood, include the trial court briefly discussing the allegations with the defendant. *Ayres*, 2017 IL 120071, ¶ 12. "The applicable standard of review depends on whether the trial court did or did not determine the merits of the defendant's *pro se* posttrial claims of ineffective assistance of counsel." *People v. Jackson*, 2020 IL 124112, ¶ 98, 162 N.E.3d 223. Our concern is with the adequacy of the trial court's inquiry into defendant's allegations. *Moore*, 207 Ill. 2d at 78. Whether the trial court properly conducted a preliminary *Krankel* inquiry presents a legal question that we review *de novo*. *People v. Roddis*, 2020 IL 124352, ¶ 33, 161 N.E.3d 173. "However, if the trial court has properly conducted a *Krankel* inquiry and has reached a determination on the merits of the defendant's *Krankel* motion, we will reverse only if the trial court's action was manifestly erroneous." *Jackson*, 2020 IL 124112, ¶ 98. "Manifest error is error that is clearly evident, plain, and

indisputable." *Jackson*, 2020 IL 124112, ¶ 98. "When a defendant triggers the *Krankel* procedure by making a *pro se* claim of ineffective assistance of counsel, and the circuit court fails to conduct the initial *Krankel* inquiry, the appropriate remedy on appeal is a remand to the circuit court for the *Krankel* procedure to take place." *In re Johnathan T.*, 2021 IL App (5th) 200247, ¶ 20 (citing *Ayres*, 2017 IL 120071, ¶¶ 24-26).

¶ 16        In this case, defendant's *pro se* motion for judgment notwithstanding the verdict and motion for a new trial complained about his counsel's performance during trial. Defendant contended he was "not competently represented" by counsel, who was provided evidence sufficient to refute the State's allegation of trespass but failed to present or argue it to the jury. Thus, defendant at least brought to the trial court's attention claims of trial counsel's ineffectiveness, and it was incumbent upon the court to conduct an "inquiry sufficient to determine the factual basis of the claim" (*Banks*, 237 Ill. 2d at 213) and triggered the trial court's duty to conduct an adequate *Krankel* inquiry. *Ayres*, 2017 IL 120071, ¶ 18. Instead, the court refused to address defendant's *pro se* motions, noting he was represented by counsel:

> "I guess initially, [defendant], I would note that you have an attorney representing you. And so technically since you have your own attorney you're not allowed to file pro se motions.

> * * *

> *** So he will bring whatever is an appropriate motion and has a legal basis in the law at the appropriate time. While in the case, while you have an attorney in the case, you cannot file your own motions."

- 6 -

¶ 17    Although it is generally true a defendant has no authority to file *pro se* motions when represented by counsel (*People v. Bell*, 2018 IL App (4th) 151016, ¶ 28, 100 N.E.3d 177), the one exception is where his *pro se* motion is directed against counsel's performance. *People v. Rhodes*, 2019 IL App (4th) 160917, ¶ 18, 128 N.E.3d 1100.

¶ 18    Once defendant learned the trial court would not address his motions, he elected to proceed *pro se* and was admonished accordingly by the trial court. His public defender's appointment was vacated, and counsel was excused. The court immediately took up defendant's motion. It is clear from even a cursory review of the motion defendant claimed he "repeatedly advised his attorney" of information and evidence prior to trial that he believed was sufficient to constitute a defense to the charge of trespass. Further, he claimed he "was not competently represented by [trial counsel]" and that counsel made no attempt to prove he had a right to be at the address involved or argue the same to the jury.

¶ 19    As we noted above, one of the factors the trial court is permitted to consider in a preliminary *Krankel* inquiry is the trial court's knowledge of defense counsel's performance at trial and the sufficiency of the defendant's allegations on their face. Here, the trial court heard defense counsel's opening statement, which included:

> "What I think you will also learn in the course of this case
> is that Ronald Plesko [(owner of the residence)] was aware that
> George [(his brother who was living there)] had taken [defendant]
> in. That [defendant] had been paroled to that particular address,
> and [defendant] had been there with the permission and knowledge
> of the parties involved, and that based on those facts, he was not
> guilty of trespass to a residence."

¶ 20    During the trial, prior to defendant testifying, his counsel sought to make a record regarding "some evidentiary matters" that had been discussed between defendant and his counsel involving "records which would need to be authenticated by George Plesko [(the resident who was medically unavailable for trial)], who, under the circumstances is not available so I do not believe they are admissible." Despite his client's desire to present these records, counsel said he made the tactical decision they were inadmissible under the rules of evidence. The exact nature of the evidence or the basis for counsel's conclusion were never disclosed.

¶ 21    The trial court was also aware defendant testified about his parole status, that the residence in question had been approved by his parole officer, and that he was living and had personal property there at the time. Lastly, the court heard defense counsel's closing argument, which attacked the State's ability to establish defendant's lack of authority to be in the residence. Counsel argued defendant had been paroled to the residence, had been seen there previously, and had personal possessions in the residence, evidencing apparent authority under the terms of his parole and with the resident's permission. The trial court had to understand the relevance of defendant's claims in light of the evidence and arguments heard. Defendant's claims were directed at just such evidence and referenced information and exhibits he provided counsel prior to trial which, he said, supported those claims.

¶ 22    What we find missing is everything else reasonably expected for an adequate *Krankel* inquiry. There is no question a trial court generally has broad discretion over the manner in which it conducts such hearings. See *In re T.R.*, 2019 IL App (4th) 190529, ¶ 87, 146 N.E.3d 692. In this instance, however, there was no "interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the [allegations of] ineffective representation." *Moore*, 207 Ill. 2d at 78. In fact, once the trial court found defendant could

proceed *pro se*, it dismissed counsel without any inquiry about defendant's allegations. "When conducting the inquiry, some interchange between the court and trial counsel regarding the defendant's claims is permissible and *usually necessary* in determining whether to appoint counsel." (Emphasis added.) *People v. Smith*, 2021 IL App (1st) 190421, ¶ 97 (citing *Moore*, 207 Ill. 2d at 78). There was also no "brief discussion" of the allegations with defendant to "flesh out [defendant's] claim of ineffective assistance so the court can determine whether appointment of new counsel is necessary." *Ayres*, 2017 IL 120071, ¶ 20. In fact, there was no discussion of the allegations with defendant at all. Instead, the court told defendant to proceed with his motion for judgment notwithstanding verdict and motion for a new trial. When defendant attempted to present evidence supporting his ineffective assistance claims, the trial court refused to allow the admission of new or additional evidence, finding such evidence was not admissible in conjunction with the motion for a new trial. Although true, it was still something the court could and should have considered in relation to defendant's ineffective assistance claims.

¶ 23       After the trial court informed him he could not submit new evidence at the hearing, defendant stated, "[t]hat's what I'm arguing because I wasn't—I have proof of all the evidence, crucial evidence went to [defense counsel] which he did not present any of it at trial." After explaining to defendant several more times it could not accept new evidence, the following colloquy took place:

> "DEFENDANT: And with all these exhibits and the rent
>
> receipt and just all this evidence I would like to present from the
>
> state a medical card that was issued to me on 09-17-2018, and I
>
> have medication that was—
>
> THE COURT: I can't receive any new evidence.

DEFENDANT: Oh, okay. So with all of that, I would just like for you to grant me a new trial because this evidence that [defense counsel] did not use in the trial which would have made the outcome, if it was all shown to the jurors, I believe that it would have been a different outcome. It's just plain evidence of me being allowed to be at 1512 Hawthorne Road."

THE COURT: Okay.

DEFENDANT: And with the evidence not used in trial, the jurors did not have the right information.

THE COURT: Okay. Thank you. [Prosecutor]?"

¶ 24 This exchange highlights two of the *Krankel* errors we mentioned above, (1) failing to assess the sufficiency of defendant's ineffective assistance claims by dialoguing with defendant about the factual circumstances of the claims and (2) failing to inquire of defense counsel, and another error: (3) involving the prosecutor during the proceedings. In *People v. Jolly*, 2014 IL 117142, ¶ 38, 25 N.E.3d 1127, our supreme court noted that in a preliminary *Krankel* inquiry, the State's participation, if any, should be *de minimis*, and "the State should never be permitted to take an adversarial role against a *pro se* defendant at the preliminary *Krankel* inquiry." It held:

"[T]he purpose of *Krankel* is best served by having a neutral trier of fact initially evaluate the claims at the preliminary *Krankel* inquiry without the State's adversarial participation, creating an objective record for review. This goal, however, is circumvented when the circuit court essentially allows the State to bias the record

- 10 -

against a *pro se* defendant during the preliminary *Krankel* inquiry.

A record produced at a preliminary *Krankel* inquiry with one-sided adversarial testing cannot reveal, in an objective and neutral fashion, whether the circuit court properly decided that a defendant is not entitled to new counsel." *Jolly*, 2014 IL 117142, ¶ 39.

¶ 25        In this case, after the trial court limited defendant to arguing only his motions for judgment notwithstanding the verdict and for a new trial, it inquired of the prosecutor, who not only argued the motions but specifically addressed defendant's claims of ineffective assistance, arguing his trial counsel was undoubtedly making decisions of trial strategy when he elected not to use the evidence no one had yet permitted defendant to fully explain or identify. The prosecutor went so far as to offer his opinion defendant would have been unable to authenticate or lay a foundation for the evidence he sought to have admitted, and with regard to certain witnesses defendant had present to testify in support of his claims, he stated, "I would also opine that they probably were not disclosed to [trial counsel] on the day of trial." Of course, we do not know any of that because counsel was never asked to participate, even though he had only moments before left the courtroom. The trial court then asked defendant if he wanted to make a final argument, never inquiring about either point raised by the State or asking for elaboration of his claims or the evidence he contended had been provided to counsel. Defendant again sought to identify specific documentary evidence, which the court declined to consider. The court, having already told defendant he was confined to his posttrial motions, ruled on those motions and then made specific findings regarding his claims of ineffective assistance:

"Moreover, you did receive a fair trial. You had very competent representation by [trial counsel], and I would note that

- 11 -

there was a disclosure of a witness at a very late date. [Trial
counsel] is a very highly qualified trial attorney. He's done a
number of trials here, but he's also done a number of trials across
the state. He's got 30 plus years of experience. He knows trial, the
rule of evidence. He knows the Code. He's very familiar with
trying cases; and he understands what's admissible and what's not
admissible; and he understands the points of cases.

I believe based upon even the information you are
tendering to me today, even if I assume that that was, number one,
provided to [trial counsel] in advance, I do not believe that there's
been anything to suggest ineffective assistance of counsel. He's
entitled to the benefit of the doubt with regards to trial strategy
decisions that he is making with regards to evidence that may or
may not be admissible."

¶ 26      The trial court concluded defendant was represented by competent counsel and
denied his posttrial motions.

¶ 27      Based on this record, it is difficult to determine exactly what happened here. Was
this a flawed *Krankel* hearing or a hearing based only on the title of defendant's motions absent
any consideration of *Krankel* procedures? Regardless, the hearing did not comply with *Krankel*'s
requirements, even though it is clear from the record defendant was seeking to bring ineffective
assistance of counsel claims to the trial court's attention—claims that the court found meritless.
While it ultimately falls to the trial court, it is unfortunate that neither the State nor defense
counsel mentioned the necessity of conducting a *Krankel* hearing at some point in these

proceedings. From the record, it is obvious defendant elected to proceed *pro se* only after the court said it would not consider his motions since he had counsel. Once defendant was allowed to represent himself, counsel could have remained in the courtroom and informed the court, based on the claims contained in defendant's motions, a preliminary *Krankel* inquiry might be appropriate. The State could have done so as well. It is also evident from the record defendant had been difficult, and at times understandably exasperating to deal with in court. However, it remained incumbent on the trial court to conduct at least a preliminary inquiry into his ineffectiveness claims, permit him to elaborate, and discuss the claims with counsel to elicit his responses before ruling substantively. This is especially true where, at every juncture, the court foreclosed defendant from attempting to present the recommended elaboration of his claims, maintaining he was to remain within the confines of his posttrial motions (motions which were based entirely on claims of ineffective assistance), permitting the State to argue against those same ineffectiveness claims, and then ruling on them substantively.

¶ 28                                                III. CONCLUSION

¶ 29            For these reasons, we believe the trial court erred by failing to conduct a proper *Krankel* hearing after defendant raised ineffective assistance of counsel claims in his *pro se* posttrial motion. Without taking a position on the outcome, we remand for the trial court to conduct a proper *Krankel* inquiry. Because remand is necessary on this issue, we need not consider the other issues raised by defendant on appeal. See *Bell*, 2018 IL App (4th) 151016, ¶ 37 ("Depending on the result of the preliminary *Krankel* inquiry, defendant's other claims may become moot."). Upon remand, if the trial court denies the motion, defendant may still appeal any relevant claims "along with his other assignments of error." *Moore*, 207 Ill. 2d at 81-82 (citing *Krankel*, 102 Ill. 2d at 189).

¶ 30        Remanded with directions.