NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231354-U

NO. 4-23-1354

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 19, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| PATRICK R. JUSTI, | ) | No. 20CF99 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Doherty and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court remanded for the trial court to conduct an inquiry into
defendant's *pro se* posttrial claim of ineffective assistance of counsel where,
during a *Krankel* hearing, the court failed to conduct a factual inquiry regarding a
possible plea agreement defendant's trial counsel allegedly failed to communicate
to him.

¶ 2    Defendant, Patrick R. Justi, was charged with aggravated driving under the
influence (DUI) (fourth offense) (count I) (625 ILCS 5/11-501(d)(2)(C) (West 2020)), driving
while his license was revoked or suspended (tenth offense) (count II) (*id.* § 6-303(d-4)), and five
other traffic offenses. Defendant entered into a plea agreement where he agreed to plead guilty to
counts I and II, and in exchange, the State would dismiss the five pending traffic offenses. The
trial court sentenced defendant to two extended-term sentences: 10 years for count I and 6 years
for count II, to run concurrently.

¶ 3        On appeal, defendant raises various arguments; however, we address only his argument that the trial court failed to adequately conduct a *Krankel* inquiry (see *People v. Krankel*, 102 Ill. 2d 181 (1984)). As such, we provide only the facts necessary to understand the dispositive *Krankel* issue. We remand with directions.

¶ 4                                I. BACKGROUND

¶ 5        On February 5, 2020, a grand jury indicted defendant with one count of aggravated DUI (fourth offense) (625 ILCS 5/11-501(d)(2)(C) (West 2020)) and one count of driving while his license was revoked or suspended (tenth offense) (*id.* § 6-303(d-4)). Defendant also received five traffic citations in the following McLean County case Nos.: 20-TR-1415, 20-TR-1416, 20-TR-1417, 20-TR-1418, and 20-TR-1419.

¶ 6        On August 24, 2022, defendant appeared for what was supposed to be a jury trial. However, the parties informed the trial court that defendant would be entering a partially negotiated plea. Per the terms of the agreement, defendant agreed to plead guilty to counts I and II, and in exchange, the State would dismiss defendant's remaining traffic matters. Defendant appeared for sentencing and was sentenced to 10 years for count I and to 6 years for count II, to run concurrently.

¶ 7        Afterwards, defendant filed a motion to withdraw his guilty plea, arguing the trial court improperly admonished him when it told him that, for both counts I and II, he could receive probation or conditional discharge. Defendant also included claims of ineffective assistance of counsel.

¶ 8        At the hearing on his motion, defendant testified he was not properly notified by counsel of the sentencing parameters in the case and was not aware he faced mandatory minimum prison time. Defendant stated that his prior attorney had indicated "some county jail

time," but he was not aware of a mandatory minimum, and he believed probation was a viable sentencing option. Defendant also alleged he was not informed of a potential plea agreement by his attorney. The trial court questioned trial counsel, who stated that his notes indicated the DUI charge was "non-probationable" and that normally, his notes indicated what the conversation with the client was. However, counsel did not have an "independent memory of that." Trial counsel did not address the claims of an uncommunicated plea agreement.

¶ 9        The trial court found that trial counsel was not ineffective and denied defendant's motion to withdraw his guilty plea.

¶ 10        This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12        Defendant argues the trial court failed to adequately conduct a *Krankel* inquiry. *Krankel*, and the common-law procedure derived from it, establishes procedures for assessing *pro se* ineffective assistance of counsel claims after a conviction. This procedure "serves the narrow purpose of allowing the trial court to decide whether to appoint independent counsel to argue a defendant's *pro se* posttrial ineffective assistance claims." *People v. Patrick*, 2011 IL 111666, ¶ 39. "The sole question in a *Krankel* inquiry is whether to appoint independent counsel to represent the defendant on his *pro se* ineffective assistance claims." *People v. Rhodes*, 2019 IL App (4th) 160917, ¶ 12. To prompt a *Krankel* inquiry, "[a] *pro se* defendant need only bring his or her claim to the trial court's attention." *People v. Jackson*, 2020 IL 124112, ¶ 96. The defendant is not required to file a written motion in the trial court but may raise the issue orally or through a letter or note to the court. *People v. Ayres*, 2017 IL 120071, ¶ 11.

¶ 13        "However, the trial court is not required to automatically appoint new counsel when a defendant raises such a claim." *Id.* The court must conduct an inquiry to determine the

factual basis of the defendant's claims. *Id.* "If the court determines the claim lacks merit or pertains only to matters of trial strategy, new counsel need not be appointed and the *pro se* motion may be denied." *People v. Taylor*, 237 Ill. 2d 68, 75 (2010). "However, if the defendant's allegations show possible neglect of the case, new counsel should be appointed to argue the defendant's claim of ineffective assistance." *Id.* A claim lacks merit if it does not fall within the definition of ineffective assistance of counsel as provided in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Lawson*, 2019 IL App (4th) 180452, ¶ 41. Whether the trial court properly conducted a *Krankel* inquiry is reviewed *de novo*. *People v. Fields*, 2013 IL App (2d) 120945, ¶ 39.

¶ 14      In a letter to the trial court, and at the *Krankel* inquiry, defendant claimed his counsel failed to communicate a potential plea agreement to him. Specifically, at the hearing, defendant stated, "There was a plea agreement apparently that the State offered that I was never aware of until after it expired." The court questioned trial counsel at the hearing; however, the court did not inquire about the alleged plea agreement. Counsel testified regarding certain claims but did not provide any testimony regarding a plea agreement that was allegedly not conveyed to defendant.

¶ 15      It is well established that, in many cases, failing to communicate a possible plea agreement to a defendant can constitute ineffective assistance of counsel, and courts have held as such. See, *e.g.*, *Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."); *People v. Trujillo*, 2012 IL App (1st) 103212, ¶ 9 ("[A]n attorney's failure to disclose a plea offer to the defendant may give rise to a constitutional claim ***.") (citing *People v. Curry*, 178 Ill. 2d 509, 517 (1997)).

- 4 -

¶ 16 As previously stated, a defendant need only bring his claims to the attention of the trial court, and then the court is required to conduct a factual inquiry. Here, defendant claimed his trial counsel did not communicate to him a plea agreement allegedly offered by the State. If true, defendant's allegations could constitute ineffective assistance of counsel. As such, the court should have asked counsel, who was present at the *Krankel* inquiry, about this claim. However, the court did not inquire about this matter. Furthermore, there is nothing in the record which informs us why the court did not do so.

¶ 17 In its brief, the State does not provide a rebuttal on this particular claim relating to the *Krankel* inquiry. The State simply restates defendant's testimony and then goes on to address other issues raised at the hearing. The State asserts defendant did not provide the trial court with any specific facts related to "the allegation raised." However, the State does not provide any legal basis or articulation of this point. Defendant alleged there was a plea agreement that he was not informed of. It follows that if he was not informed of it, he would not know the details of it.

¶ 18 Therefore, we hold that the trial court failed to properly conduct the *Krankel* inquiry.

¶ 19 Because we conclude a *Krankel* inquiry is necessary, we need not consider defendant's other arguments. See *People v. Rhodes*, 2019 IL App (4th) 160917, ¶ 21 ("Depending on the result of the *** *Krankel* inquiry, defendant's other claims may become moot.") (quoting *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37). We express no view on the merits of defendant's ineffective assistance claim or any of the other arguments he has made on appeal. Pursuant to *People v. Garrett*, 139 Ill. 2d 189 (1990), and Illinois Supreme Court Rule 615(b) (eff. Jan. 1, 1967), we retain jurisdiction to address the other issues raised by defendant in this appeal. If defendant is unsatisfied with the result of the proceedings on remand, he may

again appeal and raise any supplementary claims related to the remanded proceedings. See *People v. Wilson*, 2019 IL App (4th) 180214, ¶ 26.

¶ 20                                        III. CONCLUSION

¶ 21         For the reasons stated, we remand for the trial court to conduct an inquiry into defendant's *pro se* posttrial claim of ineffective assistance of counsel.

¶ 22         Remanded with directions.